UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JASON MICHAEL ELLIS,

        Petitioner,        2:16-cv-00449-TC

    v.        FINDINGS AND RECOMMENDATION

MARK NOOTH,

        Respondent.

Coffin, Magistrate Judge.

    Petitioner filed a petition under 28 U.S.C. § 2254 challenging his convictions on several counts of assault.

    Respondent now moves to dismiss on the ground that the petition was not filed within the limitations period set forth in 28 U.S.C. §2244(d). Response (#9) p. 1. Petitioner has not filed a reply to respondent's response.

    Under 28 U.S.C. § 2244(d), "[a] 1-year period of limitation shall apply to an application for a writ of habeas

1 - FINDINGS AND RECOMMENDATION

corpus by a person in custody pursuant to a judgment of a state court." The limitation period begins to run on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. § 2244(d)(1)(A). The limitation period is statutorily tolled during the time a "properly filed" state collateral proceeding is pending. §2244(d)(2). Time elapsed after the final judgment and before a collateral filing, and time after final collateral disposition and before federal filing counts against the year. Nino v. Galaza, 183 F.3d 1003, 1006-7 (9th Cir. 1999).

The judgments of conviction petitioner is challenging were issued after petitioner pleaded guilty on August 8, 2011. Petitioner had 30 days to seek direct review, ORS 19.255(1), but petitioner did not appeal. Therefore the statute of limitations began to run 30 days later, on September 7, 2010. Between September 7, 2011, the latest day on which petitioner could have directly appealed his convictions and July 30, 2013, the date he signed his PCR petition, 692 days accrued. The appellate judgment in petitioner's PCR case issued on January 27, 2016. Between January 27, 2016 and March 8, 2016, the date on which petitioner signed his federal habeas petition, 41 days accrued.

Therefore, the record reflects that petitioner waited 733

2 - FINDINGS AND RECOMMENDATION

"countable days" from the final judgment he challenges before filing the petition in this case, thus exceeding the 365 day limitation period.

Petitioner failed to file his habeas petition within the one-year limitations period set out at 28 U.S.C. § 2244(d). Therefore, Petitioner's Petition (#2) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

3 - FINDINGS AND RECOMMENDATION

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.* See, *28 U.S.C. § 2253(c)(2).*

DATED this 3 day of ~~October~~ Nov, 2016.

_____
Thomas M. Coffin
United States Magistrate Judge